UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ADIB AHMED, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>KRISTI NOEM, )<br>In her official capacity as )<br>Secretary of the United States )<br>Department of Homeland Security, et al. )<br>)<br>Defendants. )<br> ) | Civil Action No. 25-1351 (RBW) |

**ORDER**

For the reasons that will be set forth in the Memorandum Opinion issued later this week, it is hereby

**ORDERED** that the Plaintiff['s] Application for a Temporary Restraining Order or Alternatively for Preliminary Injunction, ECF No. 4, is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent it seeks reinstatement of the plaintiff's SEVIS record, retroactive to the date of termination. The motion is further **GRANTED** to the extent that it seeks a prohibition on the defendants taking any adverse immigration enforcement action against the plaintiff based on the prior SEVIS termination. The motion is **DENIED** in all other respects. It is further

**ORDERED** that the Order issued at ECF No. 16 is hereby **VACATED**. It is further

**ORDERED** that this Order shall replace the Order issued at ECF No. 16. It is further

**ORDERED** that this Order is not a final Order subject to appeal.[1]

**SO ORDERED** this 5th day of August, 2025.

                                                REGGIE B. WALTON
                                                United States District Judge

---

[1] To ensure that there is no confusion about the import of this Order, the Court notes for the benefit of the litigants that this Order is not a "final decision" as that term is used in 28 U.S.C. § 1291. See St. Marks Place Hous. Co. v. U.S. Dep't of Hous. & Urban Dev., 610 F.3d 75, 79 (D.C. Cir. 2010) ("[A]ppeals may be taken (with certain exceptions not relevant here) only from 'final decisions.'"); id. at 80 (concluding that "district courts can choose when to decide their cases," and when an order states that it "shall not be deemed . . . final," the Court should be "take[n] . . . at its word"). Rather, this Order reflects the Court's disposition of the motions, which was reached only after carefully and thoughtfully considering the arguments of the parties as set forth in their submissions, conducting a thorough review of the record, and drafting an Order that explains the Court's rationale in appropriate detail. With only non-substantive tasks (e.g., reviewing citations to ensure conformity with the Bluebook) remaining before the Order can be released to the parties and the public, this matter no longer requires this Court's "judicial attention," and therefore the Court finds it appropriate to issue this Order expressing its disposition of the matter. See id. (questioning the "propriety" of resolving a motion which "still require[s] judicial attention").